Chief Justice Boyce
delivered the Opinion of the Court.
This was an action on the case. Two counts ate laid in the declaration, in both of which; the plaintiff in substance charges the defendant with havingfalselv and fraudulently induced the plaintiff to buy of him a stud horse, at the price of gGOO, by Falsely and fraudulently warranting the horse to be sound, when in truth be was, at the time of the sale and warranty, unsound and of no value, by means whereof the defendant falsely and fraudulently deceived the plaiutiff.
The. defendant pleaded not guilty.
On the trial, the plaintiff proved, that the def'endaR, 80[^ [i7rn the horse at the price mentioned iu the *219 declaration; that on the sale, the defendant stated that the horse was sound as far as he knew or believed, but that he would not warrant him to be sound; and that the horse was, before and at the time of the sale, diseased with a disorder called the big-head, of which disease the defendant liad a knowledge before the sale to the plaintiff.
instructions for non-suit, judgment for defendant,
An action for ve^efoftbo sate of an umv sound horse .where there ty, must be in tort,
the action1 y’ may be either tort OT. as‘ sumpsi *
Tort $s thR ancient form ranty — As-" sumpsit the . ti,e'pcraon'jU this survives ¡ to, & against, the executor.
In tlie action of deceit, the Imnst be proved, On the war|,;inty’tile. tile broach of-the warranty,' and the warranty must be proved; sci-enter need Dot, though qlJpgpd,
*219 On this evidence, the circuit court, at the instance of the defendant, instructed the jury as in case of a non-suit; to which the plaintiff excepted, and a' verdict and judgment having been rendered against him, he has brought the case to this court by a writ of error.
There are two distinct grounds upon which the vendor is, by law, responsible; for the quality of the thing sold — a warranty and a deceit.
In an action founded upon a deceit in the sale of a thing, the declaration must necessarily be in tort.
But in cases of a warranty, there are two forms of declaring, the one in tort and the other in assumpsit.
The former is said to he the ancient method of declaring upon a warranty; and although the mode of declaring in assumpsit has prevailed iti modern practice, being found advantageous, as well because it admits of adding the common money count, as because the action in that form will not die with the person, but will lie by and against the executors or administrators of the parties to the transaction; yet the ancient method of declaring in tort upon the warranty is still allowable, and is often used, and'it is according to this form that the declaration in this case has been modeled, as will be seen by comparing the forms of declaring in assumpsit with those of declaring in tort, 2 Chilly, 1*2, ib. w J ’ ’
Between the form of declaring upon a warranty used in this case, and the form of declaring upon a deceit, there is, therefore, an analogy in this, that both are in tort; but thé cause of action is in each, distinct from and independent of the other. In the former, the breach of the warranty is the gravamen ot the actron, and m the latter, as deceit essentially consists in the seller knowing defects which he *220 conceals from the purchaser, or in representing tha thing sold to possess qualities which he knows it docs notpossess, the scienter is the gist of the action, and in such case, the scienter is necessary to be avered in the declaration, and proved on the trial, in order to maintain the action. Dale’s Case, Cro. Eliz. 44. Chandler vs. Lopus, Cro. Jac. 4, and Selwyn’s N. P. 581-2. But in a declaration upon a warranty in tort, as in.this case, it is not necessary to aver the scienter, nor if averred, is it necessary to he proved- Selwyn’s N. P. 582, (note 3.) Th.e warranty, however, must in such case be proved, and as the proof in this.case did not conduce to. prove a warranty, it is plain that it did not support the action, and consequently, that Hie instruction given by the circuit court to the jury, was correct.
Turner for plaintiff; Hanson for defendant.
The» judgment must be affirmed with costs.